UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NORMAN A. KORNWITZ, M.D. and          :
RISA GUTTMAN-KORNWITZ,                :
    Plaintiffs                              :
                                                       :   C.A. No.:
v.                                    :
                                                       :
CARE NEW ENGLAND HEALTH SYSTEM,       :
    Defendant                               :

## COMPLAINT

### I. Introduction

This is an action brought by the Plaintiffs against the Defendant seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, including damages for Defendant's violation of the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. §§1132.

### II. Parties

1.    The Plaintiff, Norman A. Kornwitz, M.D. ("Dr. Kornwitz"), is a resident of the Town of East Greenwich, County of Kent, State of Rhode Island.

2.    The Plaintiff, Risa Guttman-Kornwitz ("Ms. Kornwitz"), is a resident of the Town of East Greenwich, County of Kent, State of Rhode Island.

3.    Defendant Care New England Health System ("CNE") is a non-profit corporation duly organized pursuant to the laws of the State of Rhode Island with its principal place of business located in the City of Providence, County of Providence, State of Rhode Island.

### III. Jurisdiction

3.    This Court has jurisdiction over the Plaintiff claims under ERISA pursuant to 28 U.S.C. §1331 and 29 U.S.C §1132(e)(1).

## IV. Venue

4. Venue is proper in this Court pursuant to 29 U.S.C. §1132(e)(2) insofar the subject ERISA plan is administered in and Defendant CNE may be found in the District of Rhode Island.

## IV. Material Facts

5. The Plaintiffs are legally married.

6. In June, 2017, Dr. Kornwitz executed an employment agreement with Defendant CNE and was hired as an orthopedic surgeon at Kent County Memorial Hospital ("Kent").

7. In January, 2018, Dr. Kornwitz began working as an orthopedic surgeon for Defendant CNE at Kent.

8. By virtue of his employment at Defendant CNE, Dr. Kornwitz was an eligible plan participant in a Group Long Term Care Insurance Plan, Policy No. 596874 001 (the "LTC Plan").

9. Under the LTC Plan, Ms. Kornwitz is an eligible participant and/or beneficiary.

10. Under the LTC Plan, Defendant CNE was the Plan Administrator.

11. The LTC Plan was underwritten by UNUM.

12. As Plan Administrator, Defendant CNE accepted the obligation to properly administer the LTC Plan.

13. As Plan Administrator, Defendant CNE established the procedures for an employee, like Dr. Kornwitz, and an employee's legally married spouse, like Ms. Kornwitz, to select coverage and be enrolled in the LTC Plan. Indeed, Defendant CNE hired professional benefits administrator(s) and other staff to carry out such duties.

14. The Plaintiffs properly relied on Defendant CNE's administrative capacity and expertise. In fact, no other entity had the ability, much less the authority, to enroll individuals, such as the Plaintiffs, in the LTC Plan.

15. As Plan Administrator, Defendant CNE had the duty to report to UNUM the names of employees, spouses, and other insured persons, who should be added to the LTC Plan.

16. The Plaintiffs had no ability to sign up for coverage under the LTC Plan directly through UNUM.

17. Defendant CNE was a fiduciary as that term is defined under ERISA and was acting in its fiduciary capacity when it handled the Plaintiffs' benefit enrollment activities relative to the LTC Plan.

18. The purpose of the LTC Plan was to provide the Plaintiffs with monthly long-term care benefits in the event they become disabled as that term is defined under the LTC Plan.

19. As part of Dr. Kornwitz's on-boarding hiring process with Defendant CNE, the Plaintiffs completed and signed an Application for Long Term Care Insurance form (the "Application") to elect coverage under the LTC plan.

20. The Plaintiffs submitted the Application and evidence of insurability to Defendant CNE in or about January, 2018.

21. At no time after the Plaintiffs submitted the Application to Defendant CNE did Defendant CNE indicate any issues with the Application or the insurability of either Plaintiff.

22. In fact, in early 2018, after the Plaintiffs submitted the Application to Defendant CNE, Defendant CNE began deducting from Dr. Kornwitz's payroll checks the monthly premium payments for insurance coverage under the LTC Plan for himself and Ms. Kornwitz.

23. Dr. Kornwitz's monthly premium payment/deduction was $403.20 and Ms. Kornwitz's monthly premium payment/deduction was $373.20.

24. Defendant CNE continued to make these monthly premium deductions from Dr. Kornwitz's payroll checks throughout his employment at Defendant CNE.

25. As Plan Administrator, Defendant CNE had a fiduciary duty to submit the Application and evidence of insurability to UNUM.

26. In August, 2020, Dr. Kornwitz was informed by Defendant CNE that his employment at Defendant CNE was terminated, effective December 31, 2020.

27. Prior to his termination, Defendant CNE informed Dr. Kornwitz that he and Ms. Kornwitz were eligible for portability coverage for the LTC Plan.

28. On November 11, 2020, the Plaintiffs completed and signed an "Election to Continue Your Long Term Care Insurance Coverage" form, whereby they elected the portability coverage for the LTC Plan.

29. On or about November 16, 2020, Dr. Kornwitz sent the "Election to Continue Your Long Term Care Insurance Coverage" form, via facsimile, to Defendant CNE.

30. On or about November 19, 2020, Defendant CNE sent the "Election to Continue Your Long Term Care Insurance Coverage" form, via facsimile, to Defendant UNUM.

31. On December 24, 2020, Defendant CNE informed the Plaintiffs that Ms. Kornwitz was never actively enrolled as an insured under the LTC Plan.

32. Defendant CNE further informed the Plaintiffs that UNUM never received "evidence of insurability" for Ms. Kornwitz under the LTC Plan.

33. However, as stated above, the Plaintiffs properly submitted the Application and evidence of insurability to Defendant CNE in January, 2018 in order to elect coverage under the LTC plan.

34. Defendant CNE failed to submit the Application and/or evidence of insurability relative to Ms. Kornwitz to UNUM.

35. The proper and timely submission of the Application and evidence of insurability by Defendant CNE to UNUM was a requirement for coverage under the LTC Plan.

36. Defendant CNE, as the Plan Administrator, had the sole power and authority to submit the Application and evidence of insurability to UNUM on behalf of the Plaintiffs.

37. Accordingly, the submission of the Application and evidence of insurability by Defendant CNE to UNUM was a fiduciary duty under ERISA and was not merely ministerial in nature.

38. Despite making the monthly premium payment deductions from Dr. Kornwitz's payroll check, Defendant CNE never informed the Plaintiffs about any issues with the Application or evidence of insurability.

39. By failing to inform the Plaintiffs about any issues with the Application or evidence of insurability, Defendant CNE breached its fiduciary duties under ERISA.

40. As such, the Plaintiffs were unaware that UNUM never received the Application and/or evidence of insurability relative to Ms. Kornwitz.

41. As a direct and proximate result of Defendant CNE's failure to submit the Application and evidence of insurability as described above, UNUM never enrolled Ms. Kornwitz in the LTC Plan.

42. Defendant CNE breached its fiduciary responsibilities, obligations and duties under ERISA by failing to timely and properly submitted the Application and/or evidence of insurability to UNUM, by failing to properly enroll Ms. Kornwitz in the LTC Plan, by failing to make the Plaintiffs aware of any issues with the Application or the evidence of insurability, and by failing to exercise the degree of care required under the circumstances described herein.

43. By engaging in the acts and/or omissions as described above, Defendant CNE breached its fiduciary duties and engaged in prohibited actions in violation of ERISA.

44. Defendant CNE violated ERISA by failing to act in accordance with the documents and instruments governing the LTC Plan.

45. That the facts of this matter clearly establish that Defendant CNE violated ERISA.

46. As a proximate result of Defendant CNE's unlawful acts and/or omissions, including, but not limited to, those described herein, the Plaintiffs sustained harm, including loss of insurance coverage, loss of future insurance benefits, and other damages.

47. As a result of Defendant CNE's wrongful conduct, the Plaintiffs are entitled to relief against Defendant CNE to clarify their rights to future benefits under the LTC Plan and to place the Plaintiffs in the position that they would have been in had Defendant CNE properly enrolled Ms. Kornwitz in the LTC Plan when Dr. Kornwitz was first hired.

### V. Exhaustion of Administrative Claims Procedures

48. The Plaintiffs did not resort to any internal claims or administrative process under the LTC Plan insofar as any such process would have been futile or inadequate.

49. On December 24, 2020, Defendant CNE informed the Plaintiffs that Ms. Kornwitz was never actively enrolled as an insured under the LTC Plan and that UNUM never received "evidence of insurability" for Ms. Kornwitz under the LTC Plan.

50. Accordingly, per Defendant CNE, Ms. Kornwitz was purportedly not covered by the LTC Plan. Thus, it follows that any attempt by Ms. Kornwitz to utilize the internal claims process under the LTC Plan would have been futile.

51. In addition, after Defendant CNE improperly determined that Ms. Kornwitz was not covered by the LTC Plan, it reimbursed the Plaintiffs the value of monthly premium payment

deductions taken from his payroll check.  This is further evidence that Defendant CNE has taken the position that Ms. Kornwitz was purportedly not covered by the LTC Plan.  Based on this action, any attempt by Ms. Kornwitz to utilize the internal claims process under the LTC Plan would have been futile.

52.     Furthermore, since the Plaintiffs were informed by Defendant CNE that Ms. Kornwitz was never actively enrolled under the LTC Plan on December 24, 2020, the Plaintiffs have made several attempts to communicate with Defendant CNE to remedy this matter or discuss any procedural recourse the Plaintiffs may have.  Such communications have been ignored by Defendant CNE.

53.     Finally, the internal claims process under the LTC Plan relates to "claims" and providing proof of disability.  The within cause of action against Defendant CNE does not concern any specific disability claim made by either Plaintiff or the denial of any such claims.  The Plaintiffs allege in this action that they have been deprived coverage and the rights to future benefits pursuant to the terms of the LTC Plan.   Therefore, any attempt by the Plaintiffs to utilize the LTC Plan's internal claims process would have been improper and futile.

## VI. Claims for Relief

54.     The Plaintiffs incorporate in the counts below the allegations contained in paragraphs 1-53 above.

### Count One
### Violation of ERISA, 29 U.S.C. §1132(a)(1)(B)
### (denial of coverage)

55.     Defendant CNE, by its acts and/or omissions, including, but not limited to, those described herein, wrongfully denied and/or deprived the Plaintiffs coverage and rights to future benefits due to them under the terms of LTC Plan and/or other ERISA plans, thereby causing the

Plaintiffs to sustain damages as aforesaid, for which they are entitled to relief pursuant to 29 U.S.C. §1132(a)(1)(B).

## Count Two
### Violation of ERISA, 29 U.S.C. §1132(a)(3)
### (breach of fiduciary duty)

56. Defendant CNE, by its acts and/or omissions, including, but not limited to, those described herein, breached its fiduciary obligations under ERISA and wrongfully denied or deprived the Plaintiffs coverage and rights to future benefits due them under the terms of the LTC Plan and/or other ERISA plans, thereby causing the Plaintiffs to sustain damages as aforesaid, for which they are entitled to relief pursuant to 29 U.S.C. §1132(a)(3).

## VII. Prayers for Relief

**WHEREFORE**, the Plaintiffs respectfully pray that this Court grant the following relief:

1. a declaratory judgment that Defendant CNE, in the manner described herein, breached its fiduciary duties and acted in an unlawful manner as to Plaintiffs' rights under the LTC Plan in violation of ERISA;

2. enjoining and permanently restraining Defendant CNE from violating ERISA with respect to coverage owed to Ms. Kornwitz and other rights to benefits under the LTC Plan;

3. award Ms. Kornwitz retroactive instatement of coverage under the LTC Plan or other equitable relief pursuant to 29 U.S.C. §1132(a)(1)(B);

57. award the Plaintiff reasonable attorney's fees, costs of litigation, pre-judgment interest, and post-judgment interest as provided by statute, including, but not limited to, 29 U.S.C. §1132(g); and,

58. such other and further legal and equitable relief as the Court deems just and proper.

## VIII. Designation of Trial Counsel

The Plaintiffs hereby designate V. Edward Formisano, Esquire, and Michael D. Pushee, Esquire, as trial counsel.

                                                PLAINTIFFS,
                                                By their attorneys,
                                                **FORMISANO & COMPANY, P.C.**

Dated: January 7, 2021                    /s/ V. Edward Formisano
                                                V. Edward Formisano (#5512)

                                                /s/ Michael D. Pushee
                                                Michael D. Pushee (#6948)

                                                100 Midway Place, Suite 1
                                                Cranston, RI 02920-5707
                                                (401) 944-9691
                                                (401) 944-9695 (facsimile)
                                                edf@formisanoandcompany.com
                                                mpushee@formisanoandcompany.com

## **CERTIFICATION**

I hereby certify that on the 7th day of January, 2021, I caused the within to be electronically filed with the Clerk of the U.S. District Court for the District of Rhode Island using the CM/ECF System.

                                                /s/ V. Edward Formisano